UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALES,<br><br>   Plaintiff,<br><br>  v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>   Defendants. | Case No. 21-cv-08570-JCS<br><br>**ORDER REGARDING ASSERTION OF FRAUDULENT JOINDER** |

  Defendant Costco Wholesale Corporation removed this action from the California Superior Court for Alameda County on November 3, 2021 asserting diversity jurisdiction under 28 U.S.C. § 1332(a). Although another defendant, Elizabeth Brambila, shares California citizenship with Plaintiff Daniel Gonzales and has not joined in removal, Costco asserts that Brambila was not properly served, was not working at the store in question on the day of the accident giving rise to Gonzales's claims, and is fraudulently joined as a defendant.

  "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "The term 'fraudulent joinder' is a term of art, used for removal purposes, and does not connote any intent to deceive on the part of plaintiff or his counsel." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 n.2 (N.D. Cal. 2001).

  "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Just as there is a presumption against removal, there is a "general presumption against fraudulent joinder." *Hunter*

*v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). When analyzing the issue of fraudulent joinder, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand, and a lack of clear precedent does not render the joinder fraudulent." *Krivanek v. Huntsworth Grp. LLC*, No. 15-cv-02466-HSG, 2015 WL 5258788, at *2 (N.D. Cal. Sept. 9, 2015) (citation and internal quotation marks omitted). Accordingly, the Court must remand "unless the defendant shows that the plaintiff would not be afforded leave to amend [the] complaint to cure the purported deficiency." *Rieger v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:13-0749-JSC, 2013 WL 1748045, at *3 (N.D. Cal. Apr. 23, 2013) (cleaned up); *see also Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (stating that remand is proper where "there is a non-fanciful possibility that plaintiff can state a claim").

No basis for subject matter jurisdiction is apparent besides diversity of citizenship. It is not clear whether Gonzales intends to pursue a claim against Brambila. So long as she remains named as a party, this Court's jurisdiction under § 1332 is in doubt. Gonzales is therefore ORDERED to file, no later than December 22, 2021, either: (1) a notice of dismissal of his claims against Brambila; or (2) a motion to remand to state court, arguing that Brambila is not fraudulently joined.

**IT IS SO ORDERED.**

Dated: December 8, 2021

JOSEPH C. SPERO
Chief Magistrate Judge